Chief Judge Desmond (dissenting).
We dissent and vote to affirm, that is, to confirm the arbitrator’s award which in this Motol’ Vehicle Accident Indemnification Corporation (MVAIC) case (petitioner injured by uninsured car) computed the damages at $18,000 and allowed recovery against MVAIC of the maximum of $10,000, refusing to deduct therefrom workmen’s compensation benefits received by petitioner in the amount of $6,710.95.
Petitioner-respondent was an “Insured” person under MVAIC provisions (Insurance Law, § 601) —that is, he was one of the insureds covered by an automobile liability policy which contained a paid-for rider mandated by subdivision 2-a of section 167 of the Insurance Law and which covenanted to pay him “ all sums ” not exceeding $10,000 which he should “ be legally entitled to recover as damages from the owner or operator of an uninsured automobile ”.
The statute (§ 167, subd. 2-a) which commands the issuance of the policy rider plainly says and means that such an insured person shall recover from MVAIC all his legally recoverable damages up to $10,000. Everyone who has written on the subject has stated or assumed that the statutory purpose was to afford to the injured person the same protection as he would have were his tort-feasor covered by the compulsory $10,000 automobile liability policy (see N. Y. Legis. Annual, 1958, pp. 244, 299, 436, 473; also the legislative “ Declaration of purpose ” in Insurance Law, § 600; McCarthy v. MVAIC, 16 A D 2d 35, 38, affd. 12 N Y 2d 922; 8 Buffalo L. Rev. 215, 239). Despite all this, the automobile liability insurance policy rider as written announced that any amount payable thereunder should be reduced by amounts received by the injured person and workmen’s compensation benefits. Not only is there nothing in the statute to authorize such a limitation but it defeats the legislative intent of full coverage up to $10,000. It attempts to require deduction of workmen’s compensation moneys even though there is no such deduction under a standard automobile liability policy, to the coverage of which this MVAIC coverage is intended to be equal. And the Legislature itself affirmatively *413 manifested an intent not to allow such reduction. When it legislated as to the MVAIC rights of a so-called “ Qualified person ” (one not covered by a liability policy of his own but injured by a hit-run driver or uninsured driver) it did not allow the deduction of workmen’s compensation payments.
Since there was this clear demonstration of legislative intent, MVAIC and the Superintendent of Insurance must be held to have acted illegally when the former adopted and the latter approved a policy rider permitting the $10,000 limit to be cut down by deduction of compensation payments. The requirement of approval by the Superintendent (Insurance Law, § 167-a) of the terms of the rider cannot be stretched into a grant to the Superintendent to perform an essentially legislative act contrary to the purpose and intent of the Legislature itself.
It is suggested that this allowance for compensation payments is necessary so that the injured person may not have “ duplication of benefits ”. The phrase is meaningless in this context. “ Duplication ” is always present when the injured person has other contemporaneous sources of payment. It still remains that there is nothing in the Insurance Law permitting MVAIC thus to limit or condition its statutorily imposed liability.
The order should be affirmed.
Judges Fuld, Van Voorhis, Burke, Scileppi and Bergan concur in Per Curiam opinion; Chibe Judge Desmond dissents and votes to affirm in a memorandum in which Judge Dye concurs.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.